17-1287

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

DARALD G. BLY,

Claimant-Appellant,

v.

ROBERT D. SNYDER, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

APPEAL FROM THE COURT OF APPEALS FOR VETERANS CLAIMS,
VET.APP. NO. 15-502
PANEL DECISION BY JUDGES KASOLD, BARTLEY, AND GREENBERG

# CORRECTED BRIEF OF CLAIMANT-APPELLANT DARALD G. BLY

Brandon M. Selinsky, Esq.
Rocky Mountain Disability Law Group
1391 Speer Blvd., Suite 705
Denver, CO 80204
Telephone: (303)534-1958 Fax: (303)534-1949
E-Mail: brandon@RMDLG.com
Attorneys for Claimant-Appellant

February 15, 2017

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

DARALD G. BLY v. SNYDER

No. 17-1287

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) appellant, Darald G. Bly, certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:

Darald G. Bly

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

N/A

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

N/A

4. [x] There is no such corporation as listed in paragraph 3.

5. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Brandon M. Selinsky, Joseph A. Whitcomb, Rocky Mountain Disability Law Group

02/06/2017
Date

s/Brandon M. Selinsky
Signature of counsel

Brandon M. Selinsky
Printed name of counsel

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ..... ii

TABLE OF CONTENTS ..... iii

TABLE OF AUTHORITIES ..... iv

STATEMENT OF RELATED CASES ..... 1

JURISDICTIONAL STATEMENT ..... 1

STATEMENT OF THE ISSUES ..... 1

STATEMENT OF THE CASE ..... 1

Procedural History ..... 1

Standard of Review ..... 2

SUMMARY OFARGUMENT ..... 3

ARGUMENT ..... 3

CONCLUSION ..... 7

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ..... 9

CERTIFICATE SERVICE ..... 10

VETERANS COURT OPINION ..... 11

Cases

Adams v. Securities & Exchange Commission,
287 F.3d 183 (D.C.Cir.2002) .......... 6
Astrue v. Ratliff,
560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010) .......... 6
Dixon v. McDonald,
815 F.3d 799 (Fed.Cir. 2016) .......... 6
Domenico Garufi v. U.S.,
531 F.3d 1367 (2008) .......... 6
Gonzales v. United States,
44 Fed.Cl. 764 (1999) .......... 5
Henderson ex rel. Henderson v. Shinseki,
562 U.S. 428, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) .......... 7
Hoa Hong Van v. Barnhart,
483 F.3d 600 (9th Cir.2007) .......... 6
Jones v. Brown,
41 F.3d 634 (Fed.Cir.1994) .......... 3
Luyster v. Principi,
16 Vet. App. 96 (2002) .......... 5
McDonald v. Schweiker,
726 F.2d 311 (7th Cir.1983) .......... 5
Molden v. Peake,
22 Vet. App. 177 (2008) .......... 5, 7
Strouth v. Brown,
8 Vet.App. 502 (1996) .......... 5, 7

Statutes

28 U.S.C.A. 2412(d)(1)(B) .......... 7, 9
28 U.S.C.A. § 2412 (West 2002) .......... 6
38 U.S.C. § 7292(d) .......... 7
38 U.S.C. § 7292(d)(1) (2000) .......... 7
38 U.S.C.A. § 7291(a) .......... 8
38 U.S.C.A. § 7292(c) .......... 5
38 U.S.C.A. § 7292 .......... 7

Rules

Fed. R. App. P. 32(a)(6) ........ 9
Fed. R. App. P. 32(a)(7)(B)(iii) ........ 9
Fed. R. App. P. 32(a)(7)(C) ........ 9
Fed.R.App.P. 4(a)(1)(B) ........ 4, 5
U.S. Vet.App. R. 39(a) ........ 5
Vet. App. R. 26(a) ........ 5
Vet. App. R. 36 ........ 4, 5, 6, 7
Vet. App. R. 41 ........ 4, 6, 7

## Statement of Related Cases

There are no related cases other than the underlying Court of Appeals for Veterans Claims (CAVC) case.

## Jurisdictional Statement

This is an appeal from the CAVC of a denial of fees under the Equal Access to Justice Act (EAJA). The court has exclusive jurisdiction under 38 U.S.C.A. § 7292(c).

## Statement of Issues

Whether the CAVC erred in finding that the veteran's application for EAJA fees was filed late when the application was filed timely according to one Rule but not timely according to another, conflicting Rule.

## Statement of the Case

### Procedural History

Darald G. Bly (alternately Mr. Bly, Appellant, Plaintiff, and the veteran) served honorably in the United States Army from May 27, 1960, to November 21, 1960, and from January 24, 1962, to January 12, 1965. Mr. Bly thereafter applied for service-connected disability through the Veterans Administration (VA) for bilateral hearing loss. The VA denied his claim in 2004. Mr. Bly applied to reopen his claim for bilateral hearing loss in 2011. The VA denied his request to reopen in 2012, finding that the new material Mr. Bly had submitted was not material. Mr. Bly

appealed the denial and his case was heard in front of a Decision Review Officer at the VA, who also denied his claim. Mr. Bly appealed again and, on June 12, 2013, his case was heard in front of Administrative Law Judge Michael Martin at the Board of Veterans Appeals (BVA). Judge Martin did reopen Mr. Bly's claim but denied his request for service connection for bilateral hearing loss.

On February 4, 2015, Mr. Bly timely appealed to the CAVC. Mr. Bly's counsel timely filed an opening brief. Rather than respond, the VA agreed to a remand and filed a Joint Motion for Partial Remand on behalf of both parties. The motion was granted and the court issued an order remanding the case on January 5, 2016.

On February 5, 2016, Appellant's counsel filed a motion for fees under 28 U.S.C.A. § 2412 (West 2002), the EAJA. The VA did not initially object. However, on February 11, 2016, the court issued an order to show cause why Appellant's motion for EAJA fees should not be dismissed as untimely. Counsel for plaintiff responded. The court solicited briefs from both sides and heard oral arguments by a three-judge panel on July 12, 2016. On October 7, 2016, the court issued an opinion dismissing the EAJA application as untimely. On November 1, 2016, the court issued a judgment finalizing the decision. Mr. Bly timely appealed to this Court.

<u>Standard of Review</u>

The scope of this Court's review of a decision of the CAVC is governed by 38 U.S.C. § 7292(d). In accordance with the statute, this Court "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1) (2000). This court reviews an interpretation of EAJA by the CAVC de novo. Jones v. Brown, 41 F.3d 634, 637 (Fed.Cir.1994).

Summary of Argument

The CAVC denied EAJA fees to a veteran who prevailed against the United States because of a conflict in the CAVC's own rules. Under Rule 36, the tolling deadline for an application for EAJA fees does not begin to run for 60 days after the order is entered. Rule 41 purports to strike the 60 day appeal period. This Court and the CAVC have both effectively held that Rule 36 is controlling. Under that analysis, the veteran's EAJA application was timely. Even if both Rules are found to have equal weight, the conflict should be resolved in favor of the veteran, given the applicable laws' preference for doing so when possible.

Argument

The right of a successful plaintiff to have his or her attorney fees paid by the defendant Government is governed by 28 U.S.C.A. 2412(d)(1)(B), which requires that such an application be filed "within thirty days of the final judgment in the action." A judgment from the CAVC becomes final "upon the expiration of the time allowed for filing, under section 7292 of this title, a notice of appeal from such

decision, if no such notice is duly filed within such time." 38 U.S.C.A. § 7291(a). In a case in which an officer of the United States is a party, a judgment or order becomes final if no appeal is filed within 60 days after the judgment is entered. Fed.R.App.P. 4(a)(1)(B). An application for fees under EAJA therefore must be submitted within 90 days after the entry of judgment.

This case arose out of an application for VA disability benefits. The CAVC maintains its own Rules of Practice and Procedure (Vet. App. R.). Vet. App. R. 36 states that judgment is effective on the date on an order on consent remanding the case. It further states that said judgment begins the 60-day period for appealing to the U.S. Court of Appeals for the Federal Circuit. The judgment is not final until the expiration of the time allowed for filing an appeal. 38 U.S.C.A. § 7291(a).

Plaintiff's counsel filed the application for EAJA 29 days before the close of the appeal period. The CAVC dismissed Plaintiff's EAJA application as untimely, citing to Vet. App. R. 41. Rule 41 states that a "mandate" is when the Court's judgment becomes final, and that mandate is usually 60 days after judgment is entered unless, *inter alia*, it was issued as part of an order on consent, remanding the case.

Rules 36 and 41 are in direct conflict. Under Rule 36, the 30-day tolling deadline for an EAJA fee application does not begin to run until 60 days after the judgment. Under Rule 41, the tolling deadline is unaffected by the 60-day appeal

period. The CAVC ought to edit its rules to resolve this conflict. However, in the interim, the CAVC has offered a resolution to the conflict by finding that Rule 36 controls. "The issuance of mandate is a ministerial function which is irrelevant to the timeliness of the EAJA application in this case." Strouth v. Brown, 8 Vet.App. 502, 504 (1996). Further,

> Both the EAJA statute and this Court's Rules make clear that the time period to file an EAJA application is triggered by the finality of a judgment. *See* 28 U.S.C. § 2412(d)(1)(B); U.S. Vet.App. R. 39(a); *see also Strouth, supra.*

Luyster v. Principi, 16 Vet. App. 96, 98 (2002). The remand order in this case became final 60 days after the judgment was entered, when no appeal was filed. Fed.R.App.P. 4(a)(1)(B). Therefore, the order of January 5, 2016, became final on March 7, 2016.[1] Plaintiff's counsel's EAJA application, filed on February 5, 2016, was, at worst, early, which is not fatal to the application. "The legislative history indicates and the government concedes that the 30–day provision in the Act was meant to establish a deadline, not a starting point." Gonzales v. United States, 44 Fed.Cl. 764 (1999), citing McDonald v. Schweiker, 726 F.2d 311, 313 (7th Cir.1983). The CAVC has taken a similar position: "If it is not returned to the appellant, a premature EAJA application will be treated as if it had been later filed." Molden v. Peake, 22 Vet. App. 177, 181 (2008).

---

[1] 60 days from January 5, 2016, is March 5, 2016, which falls on a Saturday. Under Vet. App. R. 26(a), the last day of the appeal period would be the following Monday, March 7, 2016.

A remand that is stipulated to is still appealable and, therefore, the tolling deadline for EAJA does not run until the remand period has expired. Impresa Construzioni Geom. Domenico Garufi v. U.S., 531 F.3d 1367 (2008). This Court noted that, while the "Federal Rules are silent as to whether a final judgment entered on an unopposed motion for dismissal is amenable to appeal . . . most of the circuits have answered the question in the affirmative." *Id.* at 1369. A consent judgment is generally treated the same way. See Hoa Hong Van v. Barnhart, 483 F.3d 600 (9th Cir.2007) (holding that a uniform rule for filing EAJA should be based on the statutory period to file an appeal, whether or not an appeal is likely to be filed); Adams v. Securities & Exchange Commission, 287 F.3d 183 (D.C.Cir.2002) (holding that the time to file for EAJA fees runs from the expiration time for appeal, regardless of whether the judgment would have been appealed). The Secretary's and the CAVC's interpretation of Vet. App. R. 41, that the 60-day appeal period was not applicable, is in direct conflict with *Impresa*.

In the alternative, to the extent that any doubt remains whether Rule 36 or Rule 41 controls, the tie should go to the veteran. This Court applies "the interpretive canon that statutes benefiting veterans are to be construed in the veterans' favor." Dixon v. McDonald, 815 F.3d 799, 803 (Fed.Cir. 2016). EAJA fees benefit veterans by providing access to courts that was not previously available. See Astrue v. Ratliff, 560 U.S. 586, 600, 130 S. Ct. 2521, 2530, 177 L. Ed. 2d 91 (2010) (noting that EAJA

fees have been a "remarkably efficient" in improving access to courts for veterans). See also Molden v. Peak, 22 Vet.App. 177 (2008) (holding that dismissal of an EAJA application could cause the veteran financial harm). The Supreme Court identified a list of factors showing that veterans' laws are intended to place a thumb on the scale in the veteran's favor, including that VA proceedings are non-adversarial, that the VA has a duty to assist vets in developing supporting evidence, that the VA must give the veteran the benefit of the doubt in evaluating evidence and that a veteran may reopen a claim by presenting new and material evidence. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 433, 131 S. Ct. 1197, 1201, 179 L. Ed. 2d 159 (2011). Awarding EAJA in this case would be consistent with this policy.

## Conclusion

The CAVC erred in dismissing Appellant's application for EAJA fees and did not resolve the inconsistency between Rules 36 and 41. The precedent established by this and several other Circuit Courts is that an EAJA fee application must be filed within 30 days after the judgment becomes final, and that the judgment becomes final only when the time to file an appeal expires. This is in agreement with Rule 36. The CAVC has found that Rule 41, on the other hand, is only ministerial and does not influence the timing of EAJA applications. *Strouth*, supra. Even in the event the Rules are given equal weight, the veteran should be

awarded EAJA fees under the preference for allowing veterans' laws to benefit veterans when possible.

Dated: February 6, 2017

s/Brandon M. Selinsky
Brandon M. Selinsky, Esq.
Rocky Mountain Disability Law Group
1391 Speer Blvd., Suite 705
Denver, CO 80204
Telephone: (303)534-1958
Fax: (303)534-1949
E-Mail: brandon@RMDLG.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(C) because:

[X] This brief contains 1,775 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). I relied on MS Word's word count for this certification.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this brief has been prepared in a proportionally spaced typeface using MS Word in Times New Roman 13-point font, except for longer quotes.

Date: February 15, 2017

s/Brandon M. Selinsky
Attorney for Darald Bly
1391 Speer Blvd., Suite 705
Denver, CO 80204
(303) 534-1958
brandon@RMDLG.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2017, I served a copy of the foregoing electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

jonathan.krisch@va.gov
Joshua.E.Kurland@usdoj.gov
ken.lee@va.gov

s/ Brandon M. Selinsky
Brandon M. Selinsky

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

NO. 15-0502(E)

DARALD G. BLY, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued July 12, 2016 Decided October 7, 2016)

*Brandon Selinsky*, with whom *Joseph A. Whitcomb* was on the brief, both of Denver, Colorado, for the appellant.

*Justin P. Zimmer* and *Kenneth A. Walsh*, with whom *Leigh A. Bradley*, General Counsel; *Mary A. Flynn*, Assistant General Counsel; and *Joan E. Moriarty*, Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, BARTLEY, and GREENBERG, *Judges*.

KASOLD, *Judge*, filed the opinion of the Court. GREENBERG, *Judge*, filed an opinion concurring in part and dissenting in part.

KASOLD, *Judge*: Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), veteran Darald G. Bly applies through counsel for an award of attorney fees and expenses in the amount of $4,909.58. The Secretary moves for dismissal because the application was filed 1 day beyond the statutory 30-day filing deadline for an EAJA application. *See* 28 U.S.C. § 2412(d)(1)(B) (requiring that EAJA applications be filed within 30 days of a court's final judgment). Mr. Bly argues that his filing was timely, and, alternatively, that the time to file should be equitably tolled. A panel was convened to determine whether the doctrine of equitable tolling applies to the EAJA filing period, and, if so, whether Mr. Bly has demonstrated entitlement to such tolling. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990); U.S. VET. APP. INTERNAL OPERATING PROCEDURE (IOP) I(b)(2), (4). We hold that the statutory 30-day period in which to file an EAJA application is subject

to equitable tolling, but Mr. Bly has not established entitlement to equitable tolling. Accordingly, Mr. Bly's EAJA application will be dismissed as untimely.

## I. BACKGROUND & PARTIES' ARGUMENTS

On January 5, 2016, the Court ordered that the parties' joint motion for partial remand (JMPR) addressing the merits of Mr. Bly's underlying appeal be granted. The January 5 order states that "[u]nder Rule 41(b) of the Court's Rules of Practice and Procedure, this order is the mandate of the Court." On February 5, 31 days after the order of mandate issued, Mr. Bly submitted his EAJA application. Because the application was filed beyond the statutorily required filing period, Mr. Bly was ordered to show cause why his application should not be dismissed as untimely filed. Mr. Bly argues that the January 5, 2016, Court order granting the parties' JMPR was not a "final judgment" because, under Rule 36 of the Court's Rules of Practice and Procedure ("Rules" or U.S. VET. APP. R.), he had 60 days after judgment to appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). He therefore contends that his EAJA application filed on February 5, 31 days after the January 5 order, was timely.

The parties were subsequently ordered to file supplemental memoranda addressing (1) whether the filing period for an EAJA application is subject to equitable tolling, and, if so, what standard should govern such tolling, (2) whether equitable tolling was warranted in this case, and (3) whether there were alternative means other than tolling of ensuring that Mr. Bly's potential VA-benefits award would not be reduced if the EAJA application was dismissed as untimely. Mr. Bly argues that equitable tolling applies to late-filed EAJA applications and urges the Court to adopt a standard of equitable tolling that inquires only into whether a veteran would be financially harmed without tolling and whether the Government would be prejudiced by tolling. Under this standard, Mr. Bly argues that – should the EAJA application be deemed untimely filed – he is entitled to equitable tolling because (1) any benefits award on remand would be reduced by contingent attorney fees that otherwise would have been offset dollar-for-dollar by an EAJA award, leading to a smaller overall award for Mr. Bly, and (2) the Government would not be prejudiced by the timing of the EAJA application.

With regard to alternative means of ensuring that his potential overall award would not be reduced by an offset of attorney's fees, Mr. Bly asserts in his supplemental memorandum that he has no alternative means. At oral argument, he asserted that the Court may not review his attorney fee agreement because the merits portion of the case had been remanded to the Board and was no longer pending before the Court.

The Secretary agrees that equitable tolling is applicable to the filing period for an EAJA application, but he argues that the test for equitably tolling the time to file an EAJA application is the same as the general test for equitably tolling a statutory time period, to wit: whether an extraordinary circumstance prevented the timely filing despite due diligence.[1] *See*, *e.g.*, *Lozano v. Montoya Alvarez*, __U.S.__, __, 134 S. Ct. 1224, 1231-32 (2014) (describing the general requirements for the application of the doctrine of equitable tolling). The Secretary further argues that equitable tolling is not applicable in this case because the late filing here was due to counsel's unjustified misunderstanding of the Rules, which constitutes nothing more than garden variety negligence. *See* Secretary's Supplemental Memorandum in Response to the Court's May 31, 2016 Order (Secretary's Memo) at 10 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect")). To this end, the Secretary not only cites the Court's Rules and caselaw, he also presents evidence that he had informed Mr. Bly's attorney by email that Mr. Bly would be required to file the EAJA application within 30 days after the January 5, 2016, Court order granting the JMPR.

With regard to any harm to Mr. Bly, the Secretary argues that there are at least three alternative methods for ensuring that, absent the grant of an EAJA award, a veteran's overall award is not reduced by the offset of attorney's fees: (1) The Court may reduce any fee due under the attorney-client contract if it finds these fees excessive or unreasonable, *see* Secretary's Memo at 13 (citing 38 U.S.C. § 7263); (2) the Secretary may likewise reduce any fee due under the attorney-client contract for the same reason, *see* Secretary's Memo at 13-14 (citing 38 U.S.C.

---

[1] In his brief, the Secretary presents an attorney's incapacitating mental or physical illnesses that directly results in untimely filing as an additional justification for the application of equitable tolling; we consider such an occurrence to be within the meaning of an "extraordinary circumstance."

§ 5904(c)(3)(A)); or (3) a veteran may file a malpractice suit against a counsel who untimely filed an EAJA application, *see* Secretary's Memo at 14.

## II. ANALYSIS

*A. Mr. Bly's EAJA application was untimely filed.*

Mr. Bly argues that his EAJA application filed on February 5, 31 days after the January 5 order, was timely because on February 5 final judgment had not entered and he still had time to appeal. His argument is incorrect as a matter of law.

A party seeking an EAJA award must file an application for attorney fees and costs under EAJA within 30 days of a court's final judgment. 28 U.S.C. § 2412(d)(1)(B). The U.S. Court of Appeals for Veterans Claims is explicitly included in the statute's definition of "court." 28 U.S.C. § 2412(d)(2)(F). The statute defines the term "final judgment" as "a judgment that is final and not appealable" and "includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G).

Rule 39 of the Court's Rules of Practice and Procedure states in relevant part:

> An application pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), for award of attorney fees and/or other expenses shall be submitted for filing with the Clerk not later than 30 days after the Court's judgment becomes final. *See* Rule 36 (Entry of Judgment) and Rule 41 (Mandate). The time for filing an application under this subsection is set by statute.

U.S. VET. APP. R. 39.

Under Rule 36, judgment is effective on "the date of a Court order on consent (i) dismissing, terminating, or remanding a case . . . when the order states that it constitutes the mandate of the Court." U.S. VET. APP. R. 36(b)(1)(B). The practitioner's note for Rule 36 states:

> Judgment is relevant to determining the expiration of time in which to file an appeal of a decision of the Court or file an application pursuant to 28 U.S.C. § 2412(d). Because entry of mandate on the docket is a ministerial act and may not occur on the date of mandate, practitioners are cautioned to use diligence when calculating time periods so as to ensure timely filings. *See* Rule 41.

U.S. VET. APP. R. 36

Rule 41 states that "[m]andate is when the Court's judgment becomes final and is effective as a matter of law pursuant to 38 U.S.C. § 7291." U.S. VET. APP. R. 41(a). Mandate generally

occurs 60 days after judgment is entered unless "(1) a timely notice of appeal to the U.S. Court of Appeals for the Federal Circuit is filed with the Clerk . . . or (2) *mandate was issued as part of an order on consent (i) dismissing, terminating, or remanding a case* . . . or (3) the Court directs otherwise." U.S. VET. APP. R. 41(b) (emphasis added). The practitioner's note for Rule 41 states:

> Mandate is relevant to determining the expiration of time in which to file an appeal of a decision of the Court or file an application pursuant to 28 U.S.C. § 2412 (d). Because entry of mandate on the docket is a ministerial act and may not occur on the date of mandate, practitioners are cautioned to use diligence when calculating time periods so as to ensure timely filings.

U.S. VET. APP. R. 41.

Here, the January 5, 2016, Court order granting the JMPR, a consensual motion, explicitly referenced Rule 41(a) and stated that the order was the mandate of the Court. Rule 41(a) makes it clear that mandate is a final judgment and it enters when issued as part of an order granting a consensual motion to remand a case. It is not clear why Mr. Bly's counsel focused on Rule 36 when Rule 41(a) was cited in the Court's remand order. However, Rule 36 also states that judgment is effective on the date of an order granting a consensual motion to remand a case when such order states that it is the mandate of the Court. Moreover the practitioner's note to Rule 36 specifically directs practitioners to see Rule 41. Additionally, practitioner's notes for both Rule 36 and Rule 41 recognize the importance of mandate and judgment dates pursuant to an EAJA application and caution practitioners to use diligence in calculating filing deadlines.

Rule 39, which explicitly addresses EAJA applications, also clearly states that such applications are to be filed not later than 30 days after judgment becomes final, and the rule immediately thereafter references Rules 36 and 41. *See* U.S. VET. APP. R. 39. Finally, our precedential caselaw states that, "an order granting a joint motion for a remand, which pursuant to Rule 41(b) also constitute[s] the mandate, is final and not appealable." *See Bowers v. Brown*, 8 Vet. App. 25, 27 (1995). Succinctly stated, Mr. Bly fails to demonstrate that his EAJA application was timely filed. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (appellant bears burden of demonstrating error on appeal), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table).

*B. Equitable Tolling for Untimely-Filed EAJA Applications*

Both parties agree that equitable tolling is permissible with regard to EAJA applications that are filed late. Although the Court previously has held that equitable tolling does not apply to EAJA application deadlines, that determination was predicated on the time to file being "a jurisdictional prerequisite to government liability for attorney fees." *See Grivois v. Brown*, 7 Vet.App. 100, 101 (1994). However, in *Scarborough v. Principi*, 541U.S. 401 (2004), the Supreme Court of the United States (Supreme Court) determined that the 30-day filing period for an EAJA application, pursuant to 28 U.S.C. § 2412(d)(1)(B), was not "jurisdictional" because the EAJA statute concerns a "mode of relief" in matters over which the U.S. Court of Appeals for Veterans Claims already had jurisdiction. *See Scarborough*, 541 U.S. at 413-14 (citing *Kontrick v. Ryan*, 540 U.S. 443, 454-45 (2004)). Although *Scarborough* did not reach the question of whether equitable tolling applied to EAJA applications, the Supreme Court cited *Irwin*, 498 U.S. at 95-96, for the proposition that there is a "rebuttable presumption that equitable tolling is available in litigation that Congress has authorized against the United States," *see* 541 U.S. at 421 n.8 (internal quotation marks omitted).

Relying upon *Scarborough*, the 6th Circuit Court of Appeals held in *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005), that the EAJA application filing deadline is subject to equitable tolling. The Court finds *Townsend* persuasive. Accordingly, we hold that the doctrine of equitable tolling may be applied to the 30-day time limit for filing an EAJA application.

*C. Standard for Equitable Tolling for Late-Filed EAJA Applications*

"As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano*, __U.S. at __, 134 S. Ct. at 1231-32. The Federal Circuit has applied these general requirements in veteran's benefits cases where the statutory period for filing a Notice of Appeal has been missed. *See*, *e.g.*, *Checo v. Shinseki*, 748 F.3d 1373, 1378-80 (Fed. Cir. 2014) (adopting "stop-clock approach" to equitable tolling for a Notice of Appeal's 120-day filing period that requires the claimant to demonstrate (1) an extraordinary circumstance, (2) due diligence, and (3) causation).

As noted above, Mr. Bly proposes an alternative standard for equitable tolling in EAJA application cases based on two inquiries: (1) Whether the veteran would be financially harmed if the

EAJA petition were to be dismissed as untimely, and (2) whether the Government would be prejudiced by tolling the EAJA filing deadline. In support of his proposal, he cites *Molden v. Peake*, 22 Vet. App. 177, 181 (2008) (suspending the practitioner requirement of Rule 46 of the Court's Rules of Practice and Procedure because of the potential financial harm to the veteran in the dismissal of the EAJA application) and a concurring opinion in *Morrow v. McDonald*, 27 Vet.App. 92 (2014) (Greenberg, J., concurring) (proposing the test Mr. Bly now advocates). We do not find these citations apposite or persuasive.

*Molden* held that a premature EAJA application, filed prior to mandate, may be held and treated as later filed. *See Molden*, 22 Vet. App. at 181 (citing *March v. Brown*, 7 Vet. App. 163, 166 (1994), *aff'd*, 74 F.3d 1260 (Fed. Cir. 1996)). *Molden* did not involve equitable tolling; rather, it involved an attorney whose EAJA application did not comply with Court Rules as to representation.[2] As to *Morrow*, the concurring opinion is not precedential and, with great respect for our colleague–who happens to be the same Judge writing separately in this case–we are not convinced that a separate test is warranted for assessing equitable tolling in EAJA application cases. Indeed, the standard for determining tolling of an EAJA application deadline proposed by our colleague and now by Mr. Bly would essentially swallow the statutory rule that an EAJA application is due within 30 days of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B). This is because in virtually every case where an EAJA application is untimely filed in this Court there could be eventual financial harm to a veteran who is successful, on remand, in receiving an award of benefits. Although financial harm to veterans and VA claimants is a concern, there are other ways to avoid such harm – beyond carving out a novel test for applying equitable tolling when an EAJA application is untimely, as discussed in section II.E below.

[2] Although our dissenting colleague relies on *Molden* for the suggestion that the consequences of a failure to follow Court Rules should be waived based on prejudice to the veteran, we note that *Molden* did not involve noncompliance with a statutory rule or equitable tolling of a statutory filing period. Moreover, the Supreme Court has rejected the mere absence of prejudice as a sufficient basis for determining when the doctrine of equitable tolling should be applied, and we see no reason for holding otherwise. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures."). Finally, as discussed in section II.E of our opinion, the Secretary may consider whether a fee agreement might be excessive or unreasonable when an agreed offset of EAJA fees cannot be consummated because the attorney failed to timely file an EAJA application.

*D. Applying Equitable Tolling*

The Court concludes that Mr. Bly has not alleged, much less demonstrated, the existence of an extraordinary circumstance. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *see also Checo*, 748 F.3d at 1378-80. Mr. Bly did not suggest, either in his March 10, 2016, response to the Court's show cause order or in his June 30, 2016, supplemental memorandum of law, that Rules 36 and 41 were confusing. Counsel alluded to that possibility at oral argument, but, on questioning, stated that he had no confusion. He reiterated the view that he believes he had 60 days to file an appeal to the Federal Circuit under Rule 36 and that, therefore, the EAJA application was not untimely. Oral Argument at 15:35-18:05, *Bly v. McDonald*, U.S. Vet. App. No 15-0502 (argued July 12, 2016), http://www.uscourts.cavc.gov/oral_arguments_audio.php. In response to further questioning, counsel admitted that he was not involved in calendaring the due date for the EAJA application, and he had not questioned those in his firm regarding any confusion. *Id.* at 19:10-19:45.

As noted earlier, the Court's January 5, 2016, remand order expressly stated that the order served as mandate and cited Rule 41, which states that "[m]andate generally is 60 days after judgment entered unless . . . mandate was issued as part of an order on consent . . . remanding a case." U.S. VET. APP. R. 41(b). Additionally, the Secretary presented evidence that Mr. Bly's attorney was informed via email from Secretary's counsel that Mr. Bly was required to file the EAJA application within 30 days after the January 5, 2016, Court order granting the JMPR. *See* Secretary's Memo at 9-10. Although Mr. Bly asserted at oral argument that he was not bound by advice from opposing counsel, he offered no reason why such advice might not have prompted him to review the Rules. *See, e.g., Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 134-35 (6th Cir. 2007) (finding that it should have been clear to Townsend that a denial of a motion did not reset the deadline, particularly where research would have revealed the proper filing deadlines and where a diligent applicant would have filed an EAJA application sooner). Further, if Mr. Bly was unsure of the EAJA filing deadline after reviewing the January 5, 2016, order and the Court's Rules, a review of the applicable caselaw would have informed him that "an order granting a joint motion for a remand, which pursuant to Rule 41(b) also constitute[s] the mandate, is final and not appealable," *Bowers*,

8 Vet. App. at 27, and thus there would be no need to allow for a 60-day appeal period to the Federal Circuit, *see also Westfall v. McDonald*, 27 Vet.App. 341, 344-45 (2015) (addressing the distinctions between judgment, date of mandate, and entry of mandate).

Therefore, the Court finds that the untimely filing of Mr. Bly's EAJA application due to attorney misunderstanding of the correct filing date, where research would have revealed the filing period, is not an extraordinary circumstance. *See Townsend*, 486 F.3d at 134 (tolling not warranted where diligent research would have revealed the correct filing deadline); *see also Irwin*, 498 U.S. at 96 (noting "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect"). In sum, Mr. Bly has not shown an extraordinary circumstance, or, for that matter, due diligence, that would warrant tolling of the EAJA filing period.[3]

*E. Protecting Any Past-Due Benefits Award*

The Secretary argues that there are means of ensuring that any potential past-due benefits award that Mr. Bly receives on remand is not reduced as a result of dismissal of the untimely EAJA application. Secretary's Memo at 11-16. He suggests that the Court might find the contingency portion of the fee agreement unreasonable "because the untimely filing of the EAJA application deprived the appellant of the potential reimbursement that would have resulted from a grant of past-due benefits and an EAJA award."[4] *See Id.* at 14-15.

We agree with the Secretary that 5904 and 7263 of title 38, U.S. Code, provide authority to the Secretary and the Court to consider whether a fee agreement might be excessive or unreasonable when an agreed offset of EAJA fees cannot be consummated because the attorney failed to timely file an EAJA application. *See* 38 U.S.C. § 7263(c) ("The Court, on its own motion or the motion

---

[3] Although we agree with our dissenting colleague that attorneys should be encouraged to represent veterans, we do not agree that our holding today discourages that goal. Indeed, we believe our holding today should encourage attorneys to be diligent in their adherence to statutory requirements and Court orders. *Cf. Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."). Similarly, although we agree that lawyers should be paid for their work, EAJA awards are payable to the client, not the attorney, *see, e.g.*, *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) (per curiam) (noting that EAJA fees are paid to the prevailing party, not the attorney), and the fee ultimately paid to Mr. Bly's attorney will be determined pursuant to their agreement.

[4] As the Secretary also argues, veterans and VA claimants may bring legal malpractice actions against counsel. Secretary's Memo at 14. *Cf. Overton v. Nicholson*, 20 Vet.App.427, 445 n. 2 (2006) (Lance, J., concurring) ("To the extent that an attorney may be incompetent, the law does not leave a claimant without remedy. The claimant's remedy is against the attorney in a claim for legal malpractice.").

of any party, may review . . . a fee agreement."); 38 U.S.C. § 7263(d) (in reviewing a fee agreement under section 7263(c), the Court may "order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable"); 38 U.S.C. § 5904(c)(3)(A) (Secretary may reduce fee as excessive or unreasonable upon claimant's request). As to section 5904, it is clear that the Board has the authority to consider whether a fee agreement is excessive or unreasonable. *See Scates v. Gober*, 14 Vet. App. 62, 64 (2000) ("The Board is specifically provided with original jurisdiction as to fee agreements, to 'review' sua sponte or at the request of either party a fee agreement filed with the Board, and it 'may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable.'" (citing 38 U.S.C. § 5904(c)(2))), *aff'd as modified sub nom. Scates v. Principi*, 282 F.3d 1362, 1366-69 (Fed. Cir. 2002) (noting that the regional office, not the Board, is the appropriate agency to make factually specific inquiries necessary to resolve the attorney fee dispute).

The Court has repeatedly affirmed that the statutory history governing payment of attorney fees in the VA benefits context reflects "congressional intent to protect veterans benefits from improper diminution by excessive legal fees," and the Court has noted that many veterans could be deprived of rightful benefits if the Court allowed all attorneys, without regard to individual circumstance, to collect a full 20% of past-due benefits. *Lippman v. Shinseki*, 23 Vet.App. 243, 253-54 (2009) (quoting *Scates*, 282 F.3d at 1366). Caselaw is clear that in reviewing fees for reasonableness, the Secretary may consider not only the factors set forth in 38 C.F.R. § 14.636(e) but also other factors pertinent to the specific circumstances of the case. *See Lippman,* 23 Vet.App. at 253-54 (referencing § 14.636(e) factors as well as those set forth in *Scates*, 282 F.3d at 1368-69, where during the appeal process an attorney was replaced with a successor); *Lippman v. Nicholson,* 21 Vet.App. 184, 189-90 (2007) (noting that, "in the veterans-claim context . . . direct payment of attorney fees is limited by law to 20 percent of past-due benefits, and is further limited to a reasonable fee *under the circumstances of the case*" (emphasis added)); *see also* § 14.636(e) (2016) (indicating that considerations relevant to determining reasonableness of fees include extent and type of services performed, complexity of case, level of skill and competence required, time spent, results achieved, level of review to which the claim was taken and at which the attorney was retained, rate charged by other representatives, and whether and to what extent payment was contingent on results).

Thus, because protection against benefit diminution by potentially excessive or unreasonable fees is an important concern consistent with congressional intent, should Mr. Bly be awarded past-due benefits on remand, any fee agreement review by the Secretary may consider the fact that the Court dismissed the EAJA application as untimely.

Additionally, contrary to Mr. Bly's assertion at oral argument that his appeal is not currently pending before the Court and the Court therefore may not review his attorney fee agreement, Mr. Bly's EAJA application is "'a component part of an integrated case' and not a separate action from the merits phase of the litigation," and the Court therefore has jurisdiction to review the existing fee agreement. *See Jackson v. Shinseki*, 23 Vet.App. 27, 31 (2009) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990)). Although the Court is empowered to review and modify the attorney client fee agreement in this case, *see id.*, the underlying merits case was remanded for further adjudication such that any award of benefits remains speculative at this point. Accordingly, we believe it appropriate that the Secretary take into consideration our holding today when considering the payment of any attorney fees under 38 U.S.C. § 5904(c)(3)(A), a decision that ultimately will "be subject to de novo review by this Court," *see Carpenter v. Principi*, 15 Vet. App. 64, 70 (2001).

## III. CONCLUSION

Upon consideration of the foregoing, Mr. Bly's EAJA application is DISMISSED as untimely.

GREENBERG, *Judge*, concurring in part and dissenting in part:

I concur in the holding that the 30-day period in which to file an application under EAJA is subject to equitable tolling, but respectfully dissent from the holding that equitable tolling is not applicable in this case.

On January 5, 2016, the Court issued an order granting a motion for partial remand in the appellant's appeal. That order served as the mandate of the Court. *See* U.S. VET. APP. R. 41(b) ("Mandate is when the Court's judgment becomes final and is effective as a matter of law pursuant to 38 U.S.C. § 7291."). On February 5, 2016, 31 days later, the appellant applied through counsel,

pursuant to EAJA, 28 U.S.C. § 2412(d), for an award in the amount of $4,909.58 for attorney fees and expenses.

On February 11, 2016, the Court ordered the appellant to show cause why the EAJA application should not be dismissed as untimely. *See* U.S. VET. APP. R. 39 ("An application pursuant to [EAJA] shall be submitted for filing with the Clerk not later than 30 days after the Court's judgment becomes final. *See* Rule 36 (Entry of Judgment) and Rule 41 (Mandate)."). On March 10, 2016, the appellant filed a response, alleging that the application for fees was within 30 days of the Court's decision becoming final because the Court's January 5, 2016, order was not final, as the appellant had 60 days from that order to appeal the ruling.

The deadline for submitting applications for fees and other expenses under EAJA–within 30 days of final judgment from the Court–was set by Congress in 28 U.S.C. § 2412(d)(1)(B) for EAJA applications generally and not merely at this Court. The Court has previously "strictly enforced" the 30-day filing deadline. *See, e.g.*, *Strouth v. Brown*, 8 Vet.App. 502, 503 (1996) ("The 30-day filing deadline is strictly enforced and the appellant's failure to submit an EAJA application within this 30-day time constraint precludes the Court on the facts of this case from considering the merits of the fee application.").

However, the statutory time limit is not jurisdictional. *See Scarborough*, 541 U.S. at 414 ("[T]he 30-day deadline for [EAJA] applications and its application-content specifications are not properly [termed] 'jurisdictional.'"). Justice Ginsburg's ruling in that case would suggest that, as with the statutory time limit regarding appeals to this Court, equitable tolling may apply to the 30-day deadline. *See Bove v. Shinseki*, 25 Vet.App. 136, 140 (2011) (per curiam order) (holding that the 120-day filing period for a Notice of Appeal was subject to equitable tolling). Other courts have similarly ruled. *See Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005) ("[W]e conclude that based on the Supreme Court's decision in *Scarborough,* the EAJA time limitation for fee applications is subject to equitable tolling."); *Froelich v. Astrue*, 561 F. Supp. 2d 1044, 1045-46 (D. Minn. 2008) ("Accordingly, this Court holds that EAJA's time limitation is subject to equitable tolling.").

Lawyers should be paid for work done before this Court where the work results in a palpable benefit to the veteran. We should encourage lawyers to represent veterans, not place needless

additional obstacles on the long road toward an adequate award. *See Henderson v. Shinseki*, 562 U.S. 428, 431 (2011) ("The VA's adjudicatory 'process is designed to function throughout with a high degree of informality and solicitude for the claimant.'" (quoting *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 311 (1985))).

The application was filed 1 day late, and there is no evidence of prejudice to the Secretary as a result of that delay. *See Froehlich*, 561 F. Supp. 2d at 1045 ("Under the circumstances present here, where the fee application was filed one day late . . . and there is no evidence of prejudice to the Defendant, the Court will toll the applicable limitations period and hold Plaintiff's application to be timely."). Further, the appellant's fee agreement indicates that the amount owed by him to his attorney will be offset, dollar-for-dollar, by an EAJA award. Fee Agreement at 1-2 ("[T]hen the fee owed by the client to the attorney will be 20% of the lump-sum owed by VA to the client minus the award of attorney's fees that the attorney received under the EAJA."). The Court is guided by the principle that "[t]he prospect of financial harm to the veteran is a concern to the Court; if dismissal may financially disadvantage the appellant, and 'where the error is not egregious and is easily remedied,' the Court will not dismiss an EAJA application." *Molden*, 22 Vet. App. at 181 (2008) (citing *Martins v. Principi*, 19 Vet.App. 20, 23 (2005) (refusing to dismiss an EAJA application for failure to comply with Court Rules)); *see also Carpenter v. Principi*, 15 Vet.App. 64, 75 (2001)("[P]rotecting the interests of the veteran is paramount.").

Penalizing an attorney for filing 1 day late where there is no prejudice to the Government, not only unnecessarily penalizes the veteran, but also may have chilling effects on worthy veterans obtaining adequate representation. It is for this reason that I dissent.